**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS   DIVISION**

| | |
|---|---|
| **KEVIN LAYNE HINDS** | ) |
| | ) |
| **v.** | )   **3-06-CV-2348-D** |
| | ) |
| **RICHARD F. SYRON, ET AL** | ) |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's orders of reference came on to be considered Defendants Richard F. Syron and Lisle Patton's Motion to Dismiss for Failure to State a Claim, etc. (Doc. 3) filed on December 20, 2006, and Defendant Jim Caldwell's Motion to Dismiss Plaintiff's Original Petition for Replevin, etc. (Doc. 6) filed on January 12, 2007, and the Magistrate Judge finds and recommends as follows:

**Statement of the Case**: On or about March 9, 2001, Plaintiff executed a deed of trust which secured the payment of a promissory note in the principal amount of $100,800.00 on the premises described as 2105 Tulane Drive, Richardson, Texas. See Defendants Syron and Patton's Appendix, Exhibit A.[1]  On May 2, 2005, Defendant Patton was appointed as substitute trustee.  Appendix Exhibit B.

On June 30, 2005, Plaintiff filed a Chapter 13 bankruptcy petition in the Bankruptcy Court for the Northern District of Texas in docket No. 05-37221.  Appendix Exhibit C.  On October 28, 2005, the bankruptcy court filed an order lifting the automatic stay as it pertained to the 2105 Tulane

---

[1]Unless otherwise noted, references to the Appendix, hereinafter refer to those in Defendants' Appendix.

Drive property. Appendix Exhibit D.[2] Thereafter Defendant Patton, as substitute trustee, transferred title to the property to the Federal Home Loan Mortgage Corporation ("Freddie Mac") on December 12, 2005. Appendix Exhibit E.

During the intervening period following the filing of Hinds's Chapter 13 petition, Chase Home Finance, LLC ("CHF") together with J.P. Morgan Chase and Co. ("JPMC") filed a complaint against Hinds alleging violations of Chapter 12, Texas Civil Practice & Remedies Code. See Appendix Exhibit F. Hinds in turn filed a counterclaim in the adversary proceeding docketed in No. 05-03643, Appendix G. Following a hearing in the bankruptcy court, the judge filed an order granting CHF's motion to dismiss the counterclaims on November 18, 2005. Appendix Exhibit H.

On December 30, 2005, the bankruptcy court filed its order granting CHF and JPMC's motion for summary judgment. Appendix I. In pertinent part the order found that Freddie Mac was the holder of the only valid recorded lien on the property, Id. at 3, ¶ 5. No appeal was taken from the judgment which was abstracted on April 12, 2006, prior to the date on which Hinds initiated this action by the filing of his petition in the 101st District Court of Dallas County, Texas, in No. 06-11828-E on November 17, 2006. See Index of State Court Pleadings in Removed Action filed with Syron's Notice of Removal on December 30, 2006. Defendant Syron removed the case to this court pursuant to the provisions of 28 U.S.C. § 1442(a)(1) and alternatively pursuant to 12 U.S.C. § 1452 (f). Hinds has not filed a timely response to either of the Defendants' motions to dismiss.

**Findings and Conclusions**: In his motion Caldwell seeks dismissal of Plaintiff's petition insofar as he is named as a defendant pursuant to Rule 12(b)(6) and in the alternative he seeks an

---

[2]Hinds filed a notice of appeal from the bankruptcy court's order. On October 4, 2006, the district court dismissed the appeal for failure to prosecute. See Hinds v. Chase Home Finance, LLC, No. 3-06-CV-15-L, order for dismissal filed on October 4, 2006.

order requiring Plaintiff to file a more definite statement of the claim asserted against him pursuant to Rule 12(e).[3] Defendants Syron and Patton's motion likewise seeks an order requiring Hinds to file a more definite statement,[4] but only as an alternative to their contention that his petition should be dismissed pursuant to Rule 12(b)(6) on the basis that it fails to state a claim upon which relief can be granted. The principal argument made by Defendants Syron and Patton is that relief sought by Hinds in his petition is barred by the doctrine of res judicata.

Syron and Patton rely on the Fifth Circuit's decision in In re Howe, 913 F.2d 1138 (5th Cir. 1990), which in turn cites the seminal case in this circuit, Southmark Properties v. Charles House Corp., 742 F.2d 862 (5th Cir. 1984).

The prior orders of the bankruptcy court in Dallas, Appendix Exhibits H and I, constitute "core proceedings" under 28 U.S.C. § 157 (b)(1) and (2) over which a bankruptcy court has jurisdiction to enter orders and judgments. Neither order - Exhibit H, dismissing Hinds's counterclaim and Exhibit I, granting CHF and JPMC's motion for summary judgment - was appealed and therefore became final judgments no later than May 29, 2006. See Rule 4(a)(7)(A)(ii), Federal Rules of Appellate Procedure.

In Nilson v. City of Moss Point, 701 F.2d 556, 560 (5th Cir. 1983), (en banc) the court adopted the "transactional test" of the Restatement (Second) of Judgments in determining whether

---

[3]Rule 12(e) provides a remedy to a defendant party when the complaint in which the party is named is vague and ambiguous to the point that the defendant cannot respond to the complaint. When a Rule 12(e) movant has made this showing, an order requiring the plaintiff to file an amended complaint is the appropriate remedy. See e.g. Sefton v. Jeu, 204 F.R.D. 104, 106 (W.D. Tex. 2000).

[4]Their motion for a more definite statement is predicated on the alleged deficiencies in Hinds's petition in asserting a cause of action for replevin under Texas state law. See Defendants' brief at pages 8-12 at ¶¶ 13-22.

two suits involve the same claim for <u>res judicata</u> purposes.

As noted by the court in <u>In re Howe</u>, 913 F.2d 1144: "Under this approach, the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts.  The rule is that <u>res judicata</u> 'bars all claims that were or <u>could have been</u> advanced in support of the causes of action on the occasion of its former adjudication ... not merely those that were adjudicated'." (Emphasis in original).

Although the facts in <u>Southmark Properties</u>, <u>supra</u>, are in large measure dissimilar, there are distinct parallels between the claims asserts in Hinds's counterclaim, Appendix, Exhibit G, and those presented in the counterclaim asserted by the defendants in <u>Southmark</u>.  <u>See</u> 742 F2d at 867-868 at notes 5 and 6.  Notwithstanding the <u>Southmark</u> defendants' argument that their state court action and federal court counterclaim would not affect the transfer of title effected in the prior bankruptcy proceeding, the Fifth Circuit held that "[The] state court action and related counterclaim are nothing more than not-so-thinly veiled attacks on the prior reorganization orders ... [I]t is obvious that their state court suit attempts - by seeking to strip Southmark and its successor in title of any benefits received as a result of the reorganization sale - to effectively nullify the sale and the determination that the mortgage debt ... was owing to it." <u>Id</u>. at 869.

Hinds's state court action asserts multiple claims and grounds for relief, all of which are dependent on his claim that he is entitled to a judgment confirming his ownership in the legal and equitable title to the subject property.  <u>See</u> Exhibit A to Syron's Notice of Removal, Item 1 - Original Petition for Replevin at page 13, ¶ 30.  Therefore, just as the state action plaintiffs in <u>Southmark</u> sought to nullify the previous disposition of the ownership of the subject property and the obligations incurred thereto, Hinds's petition seeks to relitigate ownership of the 2105 Tulane

4

Drive property. This is precisely why the doctrine of res judicata bars his petition for replevin.

It is of no moment that Syron and Patton, and for that matter Caldwell, were not named as parties in the bankruptcy proceedings. The general rule is

> ... for the purposes of the conventional statement that a judgment binds the 'parties' to the action, the word 'parties' does not refer to formal or paper parties, but to parties in interest, that is, the persons whose interests are properly placed before the court by someone with standing to represent them are bound by the matters determined in the proceeding." 1B Moore's ¶ 0.411(1) at 390-91.

cited in Southmark Properties, supra, 742 F.2d at 869. Moreover, a final judgment is res judicata not only between the parties to the prior action, but also to their privies. Drier v. Tarpon Oil Co., 522 F.2d 199 (5th Cir. 1975).

All of the conduct alleged in Plaintiff's complaint attributed to the Movant Defendants is derivative and arises out of the prior orders of the bankruptcy court which found that the loan executed by Plaintiff on March 9, 2001, was the only valid lien on the property. See Exhibit 1 at pages 2-3. The conduct of Defendant Patton in his capacity as substitute trustee under the valid Deed of Trust which secured the mortgage loan was lawful and in accordance with the terms therein. Likewise the sale which effected a transfer of title to Freddie Mac of which Syron is the Chairman and Chief Executive Officer was in accordance with the terms of the Deed of Trust.[5] All of their actions were integrally related to the sale of the property to Freddie Mac and had a common nucleus of facts to the issue of ownership of the property which Hinds seeks to relitigate in the present action

---

[5] As related in Defendant Caldwell's motion, Caldwell is named in Plaintiff's compliant only by virtue of his status as an employee of CHF.

5

which for the foregoing reasons is barred by <u>res judicata</u>.[6]

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court enter its order and judgment dismissing Plaintiff's claims against Defendants Richard Syron, Lisle Patton and Jim Caldwell with prejudice, the same being barred by the doctrine of <u>res judicata</u>.

A copy of this recommendation shall be transmitted to Plaintiff and counsel for the Movant Defendants.

SIGNED this 14th day of February, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[6]Ordinarily pursuant to the provisions of Rule 15(a) allowing a party to amend pleadings once before a responsive pleading is served and Rule 15(b) which applies a liberal standard in deciding a motion to amend, an order granting a Rule 12(e) motion is the appropriate relief when a complaint is so vague or ambiguous that an appropriate answer or response cannot reasonably be framed. However, given the fact that <u>res judicata</u> would bar <u>any</u> action against the Movant Defendants insofar as it attempted to call into question the ownership of the 2105 Tulane Driver property or their conduct in the transfer of the same, these rule provisions are inapplicable. Moreover, any amended complaint filed by Hinds would likely run afoul of the requirements of Rule 11(b).